IRVING, J.,
concurring:
¶ 22. I concur with the results reached by the majority. However, I write for two purposes: (1) to express my disagreement with the majority’s conclusion that “no policy of the MDOC requires it to offer rehabilitation prior to termination when an employee tests positive for illegal drug use or who admits to illegal drug use,” and (2) to explain my reasons for concluding that Corley’s dismissal was appropriate notwithstanding the fact that MDOC has a policy which I believe implicitly prohibits the immediate dismissal of employees who test positive for illegal drugs.
¶ 23. That portion of the policy to which I refer states:

Any employee luho feels that he/sKe has developed an addiction or dependence on alcohol or drugs is encouraged to seek assistance. Requests for assistance will be confidential. Employees will be assisted with referrals to substance abuse assistance/rehabilitation programs.

Rehabilitation itself is the responsibility of the employee. An employee seeking medical attention for alcohol or drug addiction may be entitled to benefits under the state health insurance plan. An employee of the MDOC may be granted leave to avail himselfdierself of a substance abuse assistance/rehabilitation program. The Department reserves the right to require certified medical statements in order to determine under what conditions employees will be permitted to return to work, (emphasis added).
¶ 24. Any fair reading of the policy quoted above leads to the unmitigated conclusion that immediate dismissal of an employee who tests positive for illegal drugs is at odds with the ordinary meaning of, and interpretation to be accorded to, the stated policy. However, as stated by the majority, Corley did not voluntarily come forward and ask for assistance. Therefore, in my opinion, it can be legitimately argued that Corley’s coming forward under the circumstances of this case fails to place him within the ambit of the *871 policy. It is true that the policy does not differentiate between employees voluntarily admitting drug dependency and seeking assistance and those choosing to admit dependency in the face of an impending drug screening test, but common sense interpretation dictates that it is the former circumstance which the policy is designed to embrace.
¶ 25. The Employee Appeals Board (EAB) concluded that the MDOC did not follow its own policy in that it did not offer Corley rehabilitation prior to terminating him. The majority finds that decision arbitrary and capricious as, in the view of the majority, it is wholly unsupported by any evidence. As stated, it is my view that the policy gives an employee a reasonable expectation that he will not be terminated for simply coming forward and admitting a drug dependency. Had Corley done that, I would not hesitate to find that terminating him under that circumstance would have been arbitrary and capricious and in violation of the policy. It makes no sense to have a policy encouraging drug-dependent employees to come forward, if they will be terminated immediately upon doing so. Such a policy would simply not work.
¶ 26. However, in my opinion, there is ample evidence in the record to support Corley’s termination even in the face of a policy that arguably grants a drug-dependent employee a reasonable expectation of continued employment provided the employee comes forward on his own volition, admits his dependency and seeks treatment. The record reveals that Corley had previously tested positive for marijuana, but that MDOC mistakenly advised him that he had tested positive for cocaine. The cocaine designation was erroneous. However, MDOC did not amend the charge to show that it was marijuana instead of cocaine that was indicated by the test. Corley testified that he was not aware that he had in fact tested positive previously for marijuana. Whether he was aware of it or not does not change the fact that he had apparently tested positive and that the MDOC did not terminate him. I see no reason why the MDOC could not have corrected the mis-identification of the drug for which Corley had a positive test and proceeded with a new termination hearing.
¶ 27. The decision of the MDOC not to terminate Corley when he first tested positive for marijuana is, in my opinion, consistent with the purpose, intent and spirit of the policy which the EAB found was not followed. Nothing in the policy requires an employee to be given a second chance even though, as stated, a viable argument can be made that the policy does not contemplate immediate termination for a drug-dependent employee who voluntarily comes forward and admits dependency. I believe Corley was given a second chance, and that is the most one can expect from the policy in question.